NOT DESIGNATED FOR PUBLICATION

No. 122,945

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT EARL BARBER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed April 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Robert Earl Barber appeals the district court's denial of his motion to correct an illegal sentence. We granted Barber's renewed motion for summary disposition which allows him to proceed without filing a brief, as provided in Supreme Court Rule 7.041A (2021 Kan. St. Ct. R. 48). The State has not responded.

*Factual and Procedural Background*

In 2005, a jury convicted Barber of attempted first-degree murder based on his acts in 2004. The district court found that Barber had a criminal history score of A, based on a 1986 Kansas conviction for aggravated sexual assault and two pre-1993 Indiana

1

convictions: one for assault and battery with the intent to kill and one for robbery. The district court sentenced Barber to 620 months in prison. Barber appealed but did not challenge his criminal history score. A panel of our court affirmed his conviction. *State v. Barber*, No. 95,038, 2007 WL 1309602, at *5 (Kan. App. 2007) (unpublished opinion).

In 2008, Barber filed a K.S.A. 60-1507 motion, claiming he had received ineffective assistance of trial and appellate counsel. After an evidentiary hearing, the district court denied his motion. He appealed, but a panel of our court affirmed the district court. *Barber v. State*, No. 105,547, 2011 WL 6385646, at *9 (Kan. App. 2011) (unpublished opinion).

Then in 2014, Barber filed a pro se motion to correct an illegal sentence, citing *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Barber argued that his Indiana convictions, committed before our Legislature adopted the Kansas Sentencing Guidelines Act (KSGA) in 1993, should have been scored as nonperson felonies for criminal history purposes. But the district court disagreed, denying Barber's motion in 2015. Barber filed a notice of appeal in the district court, but he was not appointed appellate counsel, and it does not appear that an appellate court reviewed that decision.

In 2019, Barber filed a second motion to correct an illegal sentence—the motion leading to this appeal. This motion argues that his criminal history score was incorrect, as did his 2014 motion. But it relies on different law—*State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). Barber argues that because his 2014 motion was still pending, he should receive the benefit of any change in the law that occurred after 2014. But the district court found that *Murdock II* allowed only those defendants whose direct appeals were pending to benefit from a change in the law. Because Barber's direct appeal had been decided in 2007 and his 2014 and 2019 motions to correct an illegal sentence were not direct appeals, the district court denied Barber's motion. Barber appeals.

*Analysis*

Barber's sole claim is that the district court committed reversible error by classifying his pre-1993 Indiana convictions as person felonies because when he was convicted of those crimes Kansas did not classify offenses as person or nonperson.

Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). This is because the determination of whether a prior conviction is properly classified as a person offense involves the interpretation of the KSGA. And statutory interpretation is a question of law over which we have unlimited review. *State v. Ewing*, 310 Kan. 348, 351, 446 P.3d 463 (2019).

Barber acknowledges that in *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), our Supreme Court held that a prior conviction should be classified as a person or nonperson offense for criminal history purposes based on the classification in effect for the comparable Kansas offense at the time the defendant committed his current crime. Barber also concedes that *Murdock I* was overruled by *Keel*. In *Keel*, our Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime for criminal history purposes, the court must determine the classification of the prior conviction as of the time the current crime of conviction was committed. 302 Kan. at 589-90.

More recently in *Murdock II*, our Supreme Court underscored that "the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced." 309 Kan. at 591. The *Murdock II* court explained that "a sentence that was legal when pronounced does not become illegal if the law subsequently

changes." 309 Kan. 585, Syl. ¶ 1. The only exception to this rule is when a change in the law occurs while a direct appeal is pending, because a sentence is not final until the direct appeal is completed. 309 Kan. at 591.

Barber does not dispute that his Indiana crimes, or their comparable Kansas crimes, were person offenses when he committed his current crime in 2004 or when he was convicted and sentenced in 2005. Nor does he allege that a beneficial change in the law occurred while his case was pending on direct appeal. Because the district court properly applied the cases cited above, it did not err in classifying Barber's pre-1993 convictions as person offenses for criminal history purposes.

Affirmed.